FILED
2013 Jun-18  AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| ARETHA NICOLE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:12-cv-01014-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.    Introduction

The plaintiff, Aretha White, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Ms. White timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. White was thirty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education, as well as taking full time collegiate classes to get a nursing degree. (Doc. 8 at 2, Tr. at 45-46.)  Her past

work experiences include employment as a fast food cashier, line worker, and general laborer. (Doc.8 at 2, Tr. at 59-60.)  Ms. White claims that she became disabled on January 7, 2009, due to pain in her knees and back. (Doc. 8 at 2, Tr. at 48-49.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. Id. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id*. If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id*.

Applying the sequential evaluation process, the ALJ found that Ms. White meets the insured status requirements of the Social Security Act through December 31, 2010. (Finding No. 1, Tr. at 17.)   He further determined that Ms. White has not engaged in substantial gainful activity since January 7, 2009, the alleged onset date, as amended. (Finding No. 2, Tr. at 17.)  According to the ALJ, Plaintiff's degenerative

disc disease of the lumbar spine; hypertension; osteoarthritis; and obesity are considered severe based on the requirements set forth in the regulations. (Finding No. 3, Tr. at 17.)  However, he found that the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Finding No. 4, Tr. at 17.) The ALJ determined that she has the residual functional capacity:

> to perform light work as defined in 20 CFR § 404.1567(b) and § 416.967(b), subject to the following additional functional limitations: lift and carry up to 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8 hour workday with normal breaks; stand with normal breaks up to 4 hours in an eight hour workday, but no more than 30 minutes at a time without the ability to sit and alternate position; has no limitation of ability to use upper extremities for fine and gross manipulations or handling objects; can occasionally push and pull foot controls; can occasionally, but not repetitively, climb ramps and stairs, balance, and stoop; can occasionally kneel and crouch; never climb ladders, ropes or scaffolds; never crawl; avoid extreme cold, vibrations, hazardous machinery, and unprotected heights.

(Finding No. 5, Tr. at 18.)

According to the ALJ, Ms. White is unable to perform any past relevant work. (Finding No 6, Tr. at 25.) Ms. White is defined as a "younger individual" and has at least a high school education, as those terms are defined by the regulations.  (Finding Nos. 7 and 8, Tr. at 25.)  The ALJ determined that even though the Plaintiff cannot

4

perform the full range of light work, Medical-Vocation Rule 201.25 is used as a guideline for finding that there are a significant number of jobs in the national economy that she is capable of performing, such as clerical sorter, surveillance systems monitor, office helper, or label coder. (Tr. at 26, 60-63.)  The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability', as defined in the Social Security Act, from January 7, 2009 through the date of this decision. (Finding No. 11, Tr. at 26.)

II.     Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act with

considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Ms. White filed the instant action for judicial review in this Court on March 30, 2012. (Doc. 1.)  Ms. White, however, failed to submit any brief, argument, list of authorities, or statement in support of her appeal. The Commissioner submitted a brief (Doc. 8), and Ms. White did not submit a reply. Deadlines for submissions have passed, and the issues in this case are now ripe for decision. Ms. White has failed to

point to any errors in the ALJ's opinion despite the fact that she has had three opportunities to do so: (1) her complaint, (2) an initial brief in support of her claim, and (3) a reply to the Commissioner's brief.

Nonetheless, this Court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Ms. White is not disabled.

IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. White's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 18th day of June 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]